OPINION
{¶ 1} This cause arose out of an appropriation action filed in the Fairfield Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} The Ohio Department of Transportation (O.D.O.T) sought to acquire 2.245 acres owned by Lloyd and Diann Helber and determine appropriate compensation to such owners. Payment for such actual acquisition was settled by the parties.
{¶ 3} The monetary dispute excluded from the settlement concerned the depreciated value of the residue if any after the taking with the Helbers asserting that the affect on the intersection of S.R. 33 and Carroll-Southern Road would limit access to their property, thereby affecting their industrial storage business as truck access would be seriously handicapped.
{¶ 4} The State, however, asserted that Appellants were using their 38.006 acres for farming prior to the filing of the appropriation action and that the storage usage commenced subsequent thereto and that the intersection was not closed nor that access was altered.
{¶ 5} We are not concerned with whether the commercial land usage, as opposed to farming purposes, began prior or subsequent to the filing of the appropriation action.
{¶ 6} The Court, on Appellee's Motion in Limine excluded evidence of residue damage, which Appellants claimed was a substantial loss in value.
{¶ 7} The sole Assignment of Error is:
 ASSIGNMENT OF ERROR
{¶ 8} "I. THE TRIAL COURT ERRED IN EXCLUDING EVIDENCE RELEVANT AND PROBATIVE TO ESTABLISH COMPENSABLE DAMAGE TO THE HELBERS' PROPERTY RESULTING FORM THIS EMINENT DOMAIN PROCEEDING."
{¶ 9} Specifically, the error in non-admission concerns the following: { ¶ 10} "The evidence excluded should have been admitted on either of three theories:
{¶ 11} "1. This evidence establishes the just compensation due to the Helbers under the pre-appropriation/post-appropriation test employed in Ohio in eminent domain cases where there is a partial take;
{¶ 12} "2. This evidence establishes the just compensation due to the Helbers under the per se test employed in Ohio in cases where the take deprives a landowner of 100% of the economic value of the property, Lucas v. South Carolina Coastal Council
(1992), 505 U.S. 1003 and State ex rel. R.T.G. v. State (2002),98 Ohio St.3d 1; and
{¶ 13} "3. This evidence establishes the just compensation due to the Helbers under the ad hoc test employed in Ohio in cases where the take deprives the landowner of less than 100% of the economic value of the property under Penn Central Transp. Co. v.City of New York (1987), 438 U.S. 104 and State ex rel R.T.G.v. State (2002), 98 Ohio St.3d 1."
{¶ 14} The parties to this appeal have not submitted a transcript and normally this would be an obstacle to the appeal. App. R. 9(C), Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. However, as a joint statement of proposed findings of fact, approved by the court, was submitted, including all proffered testimony, the necessity of a transcript as to the issue presented has been obviated.
{¶ 15} The sole issue raised by the Assignment of Error is whether, under the facts presented, Appellants have suffered compensable damages to the residue of their property after the appropriation.
{¶ 16} The court determined, on a motion in limine, that no compensable damage to the residue occurred when it stated:
{¶ 17} "Plaintiff asserts that modifying the intersection above is not a "taking" of Defendants' preexisting access to U.S. Route 33 but rather a lawful exercise of the State's police power and therefore, cannot be considered in assessing compensation or damages to the residue. Here, the modification of the intersection of Carroll-Southern Road and State Route 33 is being done as part of the Lancaster By-Pass project. Prior to the beginning of the By-Pass construction, Carroll-Southern Road intersected and crossed State Route 33. Upon the completion of the By-Pass construction, Carroll-Southern Road will intersect but not cross Route 33. Any one wishing to travel north/west on Route 33 from the portion of Carroll-Southern Road at issue here must first travel south/east on Route 33 to the next interchange where the individual will exit and re-enter Route 33 traveling north/west. If Defendants wished to access their property, while traveling north/west on Route 33, they would need to proceed to Winchester Road, proceed south/east on Route 33 and make a right turn on Carroll-Southern Road. Although circuitous in nature, the modification of the Carroll-Southern/Route 33 intersection does not deny Defendant access to Route 33. Prior to the By-Pass construction, Defendants had no direct access to Route 33 from his property, but rather entered Route 33 from Carroll-Southern Road."
{¶ 18} Such ruling was based on Richley v. Jones (1974),38 Ohio St.2d 64.
{¶ 19} The general rule is that the admission or exclusion of relevant evidence rests within the sound discretion of the trial court and that court's ruling as to such matters will not be reversed absent an abuse of discretion. See: Krischbaum v.Dillon (1991), 58 Ohio St.3d 58, 66; Rigby v. Lake Cty.
(1991), 58 Ohio St.3d 269, 271. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
{¶ 20} Before we proceed with the issue as to the compensable effect, if any, on the residue of Appellant's land subsequent to the acquisition, we will address certain issues raised by the briefs.
{¶ 21} Appellee asserts a lack of jurisdiction of this court to consider the appeal as the appropriation action did not seek a determination of value as to any residue damages but only monetary determination of the value of the 2.245 acres.
{¶ 22} In this regard, Appellee relies on R.C. 163.05 andVillage of Seville v. Saunders (1999), 9th Dist. No. 2883-M.
{¶ 23} While it may be argued that the issue of whether any damage to the non-acquired residue has occurred is inherent in the described acquisition in the complaint prepared by O.D.O.T., we need not reach or address that possible conclusion.
{¶ 24} While it is true that no pleadings were filed by Appellant as to such damage, if any, the Appellee recognized the inclusion of the issue of residue damage in the case sub judice in its pretrial statement of issues by reciting "damage to the residue".
{¶ 25} In addition, in the settlement entry as to the acquisition payment, approved by Appellee, the court not only refers to the reserved issue of Appellant's residue damage claim but states that the "pleadings are modified to conform to this entry."
{¶ 26} Such two factors clearly create not only a waiver of this argument by Appellee but inclusion of such claim by agreed court entry amendment to the pleadings.
{¶ 27} This court, therefore, has jurisdiction to address the primary issue.
{¶ 28} The second point we wish to address is the argument of Appellant as to a regulatory taking.
{¶ 29} Not only do the facts of this case not support such claim, making the cited cases inapplicable, but such was not raised at the trial level.
{¶ 30} An appellate court need not consider an error which a party complaining of the trial court's judgment could have called but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. State v. Williams (1977), 51 Ohio St.2d 112, StoresRealty Co. v. City of Cleveland (1975), 41 Ohio St.2d 41.
{¶ 31} We therefore decline to address the claim of regulatory taking.
{¶ 32} Going, now, to the primary issue, the Ohio Supreme Court in Richley v. Jones (1974), 38 Ohio St.2d 64 stated:
{¶ 33} "Mere circuity of access to real property, necessarily created as result of appropriation proceeding, does not of itself result in legal impairment of right of ingress and egress to and from such property, where any resulting interference is but inconvenience shared in common with general public and is necessary in public interest to make travel safer and more efficient."
{¶ 34} * * * *
{¶ 35} "Where median strip constructed on land appropriated for highway purposes causes inconvenience, but not loss of access, such inconvenience is not compensable damage to residue."
{¶ 36} * * * *
{¶ 37} "Reduction in value of property remaining after taking for highway purposes because of construction of median and consequent inability of motorists to turn directly onto remainder was not compensable."
{¶ 38} Essentially, Appellants attempt to draw distinctions between Richley v. Jones, supra, and the facts presented herein.
{¶ 39} We find that such are not significant.
{¶ 40} Appellants did not have direct access to S.R. 33 prior to the acquisition. Subsequent thereto they and other users of Carroll-Southern Road proceeding northerly will not be able to cross S.R. 33 and will experience, as the court states, a "circuitous" route of travel. The same is true as to reaching Appellant's property from S.R. 33. There is no question that inconvenience, but not loss of access, occurs.
{¶ 41} We cannot consider whether in the future the entire intersection of S.R. 33 and Carroll-Southern Road will be closed.
{¶ 42} We find that Richley v. Jones, supra, is controlling.
{¶ 43} The Assignment of Error is rejected.
{¶ 44} The judgment of the Fairfield County Court of Common Pleas, Fairfield County, Ohio, is affirmed at Appellant's costs.
Boggins, PJ. Gwin, J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas, Fairfield County, Ohio, is affirmed. Costs assessed to Appellants.